**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| ACRON 2 PORSCHE DRIVE MEZZCO LLC, | : | Case No: 25-61529-LRC |
| | : | |
| Debtor. | : | |
| | : | |
| CAI OVERLAND LENDER, LLC, | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| vs. | : | |
| ACRON 2 PORSCHE DRIVE MEZZCO LLC and S. GREGORY HAYS as Chapter 7 Trustee, | : | |
| | : | |
| Respondents. | : | |

**IHG FRANCHISING LLC'S**
**JOINDER AND OPPOSITION TO STAY RELIEF MOTION**

IHG Franchising LLC ("**IHG**") files this joinder and opposition ("**Joinder**") to CAI Overland Lender, LLC's ("**Mezz Lender**") Motion for Relief from the Automatic Stay [Dkt. No. 7] ("**Motion**"), and hereby joins in the Owner's Opposition to Lender's Motion for Relief from Automatic Stay ("**Opposition**") filed by ACRON 2 Porsche Drive Holding LLC ("Owner"), the majority equity owner of Debtor Acron 2 Posche Drive Mezzco LLC ("**Debtor**"). In support of the Joinder, IHG relies upon the Declaration of Kevin Winkowski in Support of IHG Franchising, LLC's Joinder and Opposition to Stay Relief Motion (the "**Winkowski Declaration**") filed contemporaneously herewith.

LEGAL02/47670167v6

## RELEVANT BACKGROUND

1.  IHG is licensor, and non-debtor Acron 2 Porsche Drive, Atlanta, LLC ("**Licensee**"), is licensee, on that certain License Agreement between IHG and Licensee dated February 1, 2022 (as may have been amended, the "**License**"), which allows Licensee to operate a Kimpton® Hotels and Restaurants branded hotel located at 2 Porsche Drive, Atlanta, GA 30354 (the "**Hotel**").  Debtor is the sole member of Licensee, and Owner owns the majority ownership interest of Debtor.

2.  The scheduled expiration date of the License is December 31, 2039.  License, Attachment B.  If the License is terminated prior to the scheduled expiration date, then in addition to payment of required fees owed under the License, the Licensee is obligated to pay liquidated damages. [Winkowski Declaration, ¶3 (citing to License, ¶19)]. For contrast, Licensee has the right to terminate the License after January 22, 2032 upon the closing of a sale of the Hotel to a bona fide third party purchaser provided it meets certain terms and conditions, including payment of a Termination on Sale Option Fee in lieu of the liquidated damages provided in Paragraph 19. [*Id*. (citing to License, Attachment B)]. IHG also agreed that an amount equal to 1% of Gross Rooms Revenue (as defined in the License) and 1% of Gross Food & Beverage Sales (as defined in the License), accrued during the term of the License, could be retained by the Licensee as an advertising assistance allowance for the Hotel (the "**Ad Assist**"). [Winkowski Declaration, ¶4]. Licensee is obligated to reimburse to IHG the amount of the Ad Assist if the License is terminated early for Licensee's breach. [*Id*.]. IHG also funded a $2 million financial enhancement to Licensee (the "**Key Money**"). [Winkowski Declaration, ¶5]. The Licensee is obligated to refund the unamortized amount of the Key Money if the License is terminated prior to the scheduled expiration date. [*Id*.].  The License explicitly provides that the

LEGAL02/47670167v6

payment of liquidated damages in accordance with Paragraph 19 of the License shall not be construed to allow Licensee to terminate the License. [*Id*. (citing to License, ¶19)].

3. Mezz Lender has a security interest in the equity of the Debtor. [Winkowski Declaration, ¶6]. On April 2, 2025, Mezz Lender informed IHG in a letter that it does not intend to retain IHG's flag on the Hotel if the Mezz Lender successfully forecloses on its collateral. [*Id*.]. IHG is informed and believes that, if the Mezz Lender does foreclose, it will attempt to cause Licensee to breach the License and to no longer operate the Hotel as a Kimpton® Hotels and Restaurants branded hotel. [*Id*.].

4. After receiving the April 2, 2025 letter, IHG performed a preliminary estimate of the damages that would be caused by Mezz Lender forcing Licensee to breach the License, leading to early termination of the License. [Winkowski Declaration, ¶7]. Based upon the figures available to IHG, the preliminary damages estimate is approximately $6.7 million in liquidated damages, approximately $340,000 in Ad Assist reimbursement, and $1.38 million in unamortized Key Money. [*Id*.]. Thus, Mezz Lender's intent is to generate an IHG claim against Licensee of over $8 million. A precise calculation of damages could not be made unless and until the License is terminated. [*Id*.].

## JOINDER AND OPPOSITION TO STAY RELIEF

5. IHG hereby joins in the Owner's Opposition, especially regarding a short but reasonable time for the Debtor to close on a sale that would pay off the Mezz Lender's debt, instead of causing the License to be breached and terminated 14 years early and generating an unsecured liability in the estimated amount of over $8 million, all to the detriment of IHG.

*[Continued on next page]*

## **CONCLUSION**

      WHEREFORE IHG respectfully requests that the Court deny the Motion.

Dated: December 3, 2025.

      **ALSTON & BIRD LLP**

      */s/ R. Braden Copeland*
      R. Braden Copeland
      Georgia Bar No. 821153
      1201 West Peachtree Street
      One Atlantic Center
      Atlanta, Georgia 30309-3424
      Phone: 404-881-7000
      Fax: 404-881-7777
      Braden.Copeland@alston.com
      *Attorney for IHG Franchising, LLC*

LEGAL02/47670167v6

## CERTIFICATE OF SERVICE

    I hereby certify that on this day, I caused to be served true and correct copies of the foregoing *IHG FRANCHISING LLC'S JOINDER AND OPPOSITION TO STAY RELIEF MOTION* by filing such notice with the Court's CM/ECF system.

Dated: December 3, 2025.

**ALSTON & BIRD LLP**

*/s/ R. Braden Copeland*
R. Braden Copeland
Georgia Bar No. 821153
1201 West Peachtree Street
One Atlantic Center
Atlanta, Georgia 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
braden.copeland@alston.com

*Attorney for IHG Franchising, LLC*

LEGAL02/47670167v6