# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

IN RE:

ACRON 2 PORSCHE
DRIVE MEZZCO LLC,

    Debtor.

Case No: 25-61529-LRC

## DECLARATION OF KEVIN WINKOWSKI IN SUPPORT OF IHG FRANCHISING, LLC'S JOINDER AND OPPOSITION TO STAY RELIEF MOTION

I, Kevin Winkowski, declare and state the following under penalty of perjury:

1. I am Director, Transactions & Asset Management at IHG® Hotels & Resorts. In this capacity, my responsibilities include overseeing for IHG Franchising, LLC ("**IHG**"), licensees that are in financial distress, receivership or bankruptcy, and oversight of distressed property license default, termination, application and re-licensing processes, and maintaining IHG's business files regarding same. This includes overseeing that certain License Agreement dated February 1, 2022 (as may have been amended, the "**License**") between IHG, as licensor, and non-debtor Acron 2 Porsche Drive, Atlanta, LLC ("**Licensee**"), as Licensee, which allows Licensee to operate a Kimpton® Hotels and Restaurants branded hotel located at 2 Porsche Drive, Atlanta, GA 30354 (the "**Hotel**"). A copy of the License was already submitted by CAI Overland Lender, LLC ("**Movant**") in support of its Motion for Relief from the Automatic Stay ("**Motion**") as part of Exhibit A to the *Declaration of Marisa Lizak in Support of Motion for Relief From Stay.* [Dkt. No. 8, pp.266-346].

2. I make this declaration in support of IHG's Joinder and Opposition to Stay Relief Motion. I make this declaration based on my personal knowledge, except for those facts stated

on information and belief, which I believe to be true. If called as a witness, I could and would testify to the facts stated in this declaration.

3. The scheduled expiration date of the License is December 31, 2039. [Dkt. No. 8, p. 321]. If the License is terminated prior to the scheduled expiration date, then in addition to payment of required fees owed under the License, the Licensee is obligated to pay liquidated damages. [*Id.*, pp.300-01]. For contrast, Licensee has the right to terminate the License after January 22, 2032 upon the closing of a sale of the Hotel to a bona fide third party purchaser provided it meets certain terms and conditions, including payment of a Termination on Sale Option Fee in lieu of the liquidated damages provided in Paragraph 19. [*Id.*, pp.323-24].

4. IHG also agreed that an amount equal to 1% of Gross Rooms Revenue (as defined in the License) and 1% of Gross Food & Beverage Sales (as defined in the License), accrued during the term of the License, could be retained by the Licensee as an advertising assistance allowance for the Hotel (the "Ad Assist"). Licensee is obligated to reimburse to IHG the amount of the Ad Assist if the License is terminated early for Licensee's breach.

5. IHG also funded a $2 million financial enhancement to Licensee (the "Key Money"). The Licensee is obligated to refund the unamortized amount of the Key Money if the License is terminated prior to the scheduled expiration date. [Dkt. No. 8, p.324]. The License explicitly provides that the payment of liquidated damages in accordance with Paragraph 19 of the License shall not be construed to allow Licensee to terminate the License. [*Id.*, pp.300-01].

6. I am informed and believe that Mezz Lender has a security interest in the equity of the Debtor. On April 2, 2025, Mezz Lender informed IHG in a letter that it does not intend to retain IHG's flag on the Hotel if the Mezz Lender successfully forecloses on its collateral. I am informed and believe that, if the Mezz Lender does foreclose, it will attempt to cause Licensee to

breach the License and to no longer operate the Hotel as a Kimpton® Hotels and Restaurants branded hotel.

7.      After receiving the April 2, 2025 letter, IHG performed a preliminary estimate of the damages that would be caused by Mezz Lender forcing Licensee to breach the License, leading to early termination of the License. Based upon the figures available to IHG, the preliminary damages estimate is approximately $6.7 million in liquidated damages, approximately $340,000 in Ad Assist reimbursement, and $1.38 million in unamortized Key Money. A precise calculation of damages could not be made unless and until the License is terminated.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 3, 2025

Kevin Winkowski

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a true and correct copy of the foregoing was served by the Court's CM/ECF system on all counsel of record registered in this Case through CM/ECF.

Dated: December 3, 2025.

**ALSTON & BIRD LLP**

*/s/ R. Braden Copeland*
R. Braden Copeland
Georgia Bar No. 821153
1201 West Peachtree Street
One Atlantic Center
Atlanta, Georgia 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
braden.copeland@alston.com

*Attorney for IHG Franchising, LLC*